IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

       Respondent,

V.                                           CRIMINAL NO. 3:99-00090-01
                                            (CIVIL ACTION NO. 3:03-2503)

ETHAN JEROME MOORE,

       Movant.

## FINDINGS AND RECOMMENDATION

On November 23, 1999, following his plea of guilty to possession of a firearm by a convicted felon, Ethan Jerome Moore was sentenced to life imprisonment. His conviction and sentence were affirmed on appeal, and a petition for writ of certiorari was denied by the Supreme Court on March 26, 2001. Moore v. United States, 532 U.S. 953 (2001). On December 19, 2000, Moore filed a motion under the provisions of 28 U.S.C. §2255 seeking to have his conviction and sentence set aside on grounds that counsel representing him was ineffective. Relief was denied by judgment order entered April 24, 2002, and a subsequent appeal was dismissed by the Court of Appeals as untimely. United States v. Moore, No. 04-6043, 2004 W.L. 542485 (March 19, 2004).[1]

---

[1] In his submissions, Moore notes that his initial §2255 motion, though filed after the Court of Appeals for the Fourth Circuit affirmed his conviction and sentence, was filed prior to the denial of certiorari by the Supreme Court. While, as he points out, a §2255 motion will ordinarily not be entertained during the pendency of an appeal, his motion was, in fact, filed prior to the denial of certiorari, though not decided while his direct appeal was pending. As the authority cited by Moore indicates, there "is no jurisdictional bar to the District Court's entertaining a Section 2255 Motion during the pendency of a direct appeal," Womack v. United States, 395 F.2d 630, 631 (D.C. Cir.

On December 29, 2003, Moore filed a second §2255 motion alleging numerous irregularities during the course of the proceedings leading to his conviction and sentence. In response to his motion, the United States has filed a motion to dismiss. Movant has filed responses to the motion to dismiss and the motion is now ripe for decision.

Among the changes made to 28 U.S.C. §2255 by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996), are those imposing stringent limitations on the filing of successive §2255 motions. Specifically, §2255 now requires that the second or successive motion "be certified as provided in Section 2244 by a panel of the appropriate court of appeals," and §2244 requires, inter alia, that an applicant "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before a second application is filed in the district court. 28 U.S.C. §2244(b)(3)(A). In the absence of "pre-filing authorization" by, in this case, the Court of Appeals for the Fourth Circuit, this Court is without jurisdiction to consider movant's successive application. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Movant has made no showing that he has filed an appropriate motion with the court of appeals seeking permission to file a successive §2255 motion and it is apparent that he has not. This Court, accordingly, lacks jurisdiction to consider his §2255 motion.

---

1968), and in this case there is no reason to question the effect of the Court's April 24, 2002 judgment order denying Moore's section 2255 motion.

## **RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the §2255 motion filed by Ethan Jerome Moore be dismissed without prejudice.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: January 4, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE